UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DESPRES,<br><br>            Plaintiff,<br><br>       v.<br><br>KENNETH MCMILLIAN and NICK GRANT,<br><br>            Defendants. | Case No.  1:23-cv-00525-HBK<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>May 22, 2023, DEADLINE |

Plaintiff, Lisa Despres, who is proceeding pro se and *in forma pauperis* initiated this action on April 5, 2023, by filing a form "Complaint for a Civil Case." (Doc. No. 1, "Complaint"). Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     Screening Requirement**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A

complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**II.    Summary of Complaint**

The Complaint names the following Defendants: (1) Kenneth McMillian; and (2) Nick Grant. (*Id*. at 2).[1] The "Job" or "Title" for each Defendant is not stated. (*Id*). Under the "Basis

---

[1] The Court refers to the CMECF page numbers of the Complaint. In this case, the CMECF page numbers correspond to the same page numbers on the Complaint.

of Jurisdiction" section of the Complaint, Plaintiff checks "federal question." (*Id*. at 3). When requested to list the "Basis for Jurisdiction" for "Federal Question," Plaintiff states:

> Slander, theft, illegal eviction, assault, loss of property, harassment, emotional distress, kidnapping, rape, bogus restraining order

(*Id*.). Under the "Statement of Claim" section, Plaintiff essentially reiterates the above:

> Excessive harrassment, illegal eviction, theft of proerty, bogus restraining order, kidnapping, assault when my shoulder was broekn, slander, and emotional distress

(*Id*. at 4). As relief, Plaintiff seeks $25,000 and requests the return of her personal property and cat and a "voucher." (*Id*.).

### III.    Analysis

As an initial matter, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Liberally construed, Plaintiff appears to assert her claim is based on a federal question. A federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff, however, does not identify a specific federal question upon which this case is based. To the extent discernable, the Complaint appears to challenge Plaintiff's eviction. Federal courts, however, do not interfere with state court proceedings except under very limited circumstances not present here. 28 USC § 2283. Further, Plaintiff's claimed torts or criminal actions are properly pursued in the state civil and criminal courts.

Moreover, the Complaint contains no facts pertaining to any named Defendant. Nor does the Complaint describe any action by any Defendant that amounts to a violation of Plaintiff's

3

federal rights under the Civil Rights Act of 1991. Other than identifying the Defendants under the list of Defendants, neither individual Defendant is named anywhere in the Complaint. Indeed, the Complaint contains only a litany of conclusory statements without providing any factual specificity. As currently pled, the Complaint is woefully short of any factual detail to permit the Court to draw the reasonable inference that any named Defendant is liable for any misconduct to sustain a federal violation vesting this Court with jurisdiction. For these reasons, Plaintiff's Complaint does not comply with the requirements of Rule 8(a)(2).

### IV.     Conclusion and Options

To continue the prosecution of this action, Plaintiff must take one of the following three options on or before May 22, 2023. **First Option**: Because Plaintiff is pro se and the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. Fed. R. Civ. P. 15(a)(2); Lopez *v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should title "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury. Plaintiff may not change the nature of this suit or adding unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **Second Option**: Plaintiff may file a Notice stating he intends to stand on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order. **Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

////

Accordingly, it is **ORDERED**:

1. **On or before May 22, 2023**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court to dismiss certain claims and Defendants for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:  April 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5