UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA DESPRES,<br><br>          Plaintiff,<br><br>    v.<br><br>KENNETH MCMILLIAN, NICK GRANT,<br><br>          Defendants. | Case No. 1:23-cv-00525-HBK<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>14-DAY DEADLINE |

Plaintiff Lisa Despres proceeds pro se and *in forma pauperis* in this civil action. (Doc. Nos. 1, 4). For the reasons set forth below, the undersigned recommends the District Court dismiss this action without prejudice for Plaintiff's failure to prosecute this action and/or comply with a court order.

**BACKGROUND**

On April 5, 2023, Plaintiff initiated this action by filing a pro se "Complaint for a Civil Case" form. (Doc. No. 1, "Complaint'). On April 20, 2023, the undersigned issued a screening order pursuant to 28 U.S.C. § 1915(e)(2)(B), finding the Complaint failed to establish this Court had jurisdiction over Plaintiff's claims. (Doc. No. 5, "Screening Order"). The undersigned afforded Plaintiff the opportunity to file an amended complaint, file a notice that she intends to

stand on her Complaint subject to the undersigning recommending the district court dismiss this case for the reasons set forth in the Screening Order, or file a notice of voluntary dismissal. (*Id.* at 4). The undersigned gave Plaintiff until May 22, 2023 to comply with the Court's April 20, 2023 Screening Order. (*Id.* at 1, 5). Plaintiff was expressly warned that if she failed to timely comply with the Screening Order or seek an extension of time to comply, the undersigned would recommend the district court dismiss this action for Plaintiff's failure to prosecute this action and comply with the Screening Order. (*Id.* at 5, ¶2). Plaintiff has not responded to the Screening Order and the time to do so has expired.[1] *See* docket.

## APPLICABLE LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1)

---

[1] Plaintiff is not incarcerated and not entitled to the mailbox rule. Nonetheless, the undersigned afforded Plaintiff sufficient time for mailing (10 days).

the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigate ceases to prosecute an action. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case

1  here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th
2  Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures
3  by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*,
4  291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's
5  involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond
6  to court order and noting "the weight of the docket-managing factor depends upon the size and
7  load of the docket, and those in the best position to know what that is are our beleaguered trial
8  judges.").  Further, the Screening Order noted the Complaint was deficient and failed to establish
9  that this Court had jurisdiction to consider Plaintiff's claim. (Doc. No. 5).  Thus, the Complaint
10 does not appear to be meritorious.

11 Finally, the Court's warning to a party that failure to obey the court's order will result in
12 dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
13 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  As noted, *supra*, the Court's
14 Screening Order expressly warned Plaintiff the Court would recommend a dismissal of this action
15 if she failed to timely respond.  Thus, Plaintiff had adequate warning that dismissal could result
16 from her noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a
17 lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

18 After considering the factors set forth *supra* and binding case law, the undersigned
19 recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

20 Accordingly, it is **ORDERED**:
21 The Clerk of the Court randomly assign this case to a District Judge.
22 It is further **RECOMMENDED**:
23 This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this case
24 and/or obey a court order.

25 **NOTICE**

26 These Findings and Recommendations will be submitted to the United States District
27 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**
28 **of the date of service** of these Findings and Recommendations, Plaintiff may file written

4

objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     June 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE